CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 0 1 2007

JOHN F. CORCORAN, CLERK
BY: /s/ J. Bush
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| THEODORA CRAWFORD,<br>    Petitioner, | Civil Action No. 7:07-cv-00027 |
| v. | **MEMORANDUM OPINION** |
| BARBARA J. WHEELER,<br>    Respondent. | By: Hon. James C. Turk<br>Senior United States District Judge |

Petitioner, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner Theodora Crawford challenges the validity of her December 2004 convictions in the Charlottesville Circuit Court for credit card theft, forgery, and uttering. Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases[1].

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. A non-death row felon in Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals. See Va. Code

---

[1] A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

1

§ 17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code § 8.01-654(A); §17.1-406(B). Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code § 8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition clearly shows that petitioner has not presented her claims to the Supreme Court of Virginia as required. She indicates clearly on the petition that she has never filed any petition for habeas corpus regarding these convictions. Petitioner's failure to exhaust her state remedies mandates summary dismissal of this petition without prejudice.[2] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER: This 31st day of January, 2007.

/s/ James C. Turk
Senior United States District Judge

---

[2] Petitioner may refile her federal habeas claims at a later time if she is unsuccessful in obtaining relief after presenting such claims to the Supreme Court of Virginia through one of the three routes described. Petitioner is advised, however, that the time to file state or federal habeas petitions is limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2).